THE STATE v. JUSTIN W. DEDGE.

Argued June 18, 1923—Decided June .20, 1923.

**Foreign Jury—Application of State—Not Strongly Opposed by Defendant.**

On petition for foreign jury.

Before Justices KALISCH and KATZENBACH.

For the state, *Wilfred H. Jayne, Jr.,* assistant attorney-general of New Jersey.

*Contra, Andrew Van Blarcom.*

PER CURIAM.

This is an application for a foreign jury to try an indictment presented by the grand jury of the county of Morris against Justin W. Dedge for the libel of the honorable Thomas F. McCran, attorney-general of New Jersey.

On October 6th, 1921, Janet Lawrence, a young girl, was found in the borough of Madison, in the county of Morris, murdered. The crime was investigated by the then prosecutor of the pleas of Morris county. The borough of Madison employed the said Justin W. Dedge to investigate the crime in its behalf. The investigation of the prosecutor of the pleas led to the indictment of one Frank Jancarek. He was tried and acquitted. The attorney-general was associated with the prosecutor of the pleas in the trial. The investigation of Dedge pointed to one Francis Kluxen as the perpetrator of the crime. Kluxen was indicted, tried and acquitted. The seriousness of the crime, the failure to find and convict the one who had committed it, the separate investigations, the two abortive trials, and the general discussion among the public as the result of these events led to an acrimonious discussion throughout the county of the action of some of the

officials connected with the proceedings, including the action of the attorney-general. The controversy was subsequently injected into the political campaign of 1922. The affidavits show that throughout the county citizens have formed opinions upon the activities, or alleged lack of activity, of those engaged in the investigation of the crime and the trial of the indictments. It is urged that citizens cannot set aside the opinions already formed if called for jury duty in the trial of the Dedge indictments. This situation, the assistant attorney-general contends, makes it necessary to have a foreign jury to insure a fair trial.

We are inclined to think that in a community of such unusual intelligence as Morris county that it should not be difficult to secure an impartial jury. On the other hand, this application is not strongly opposed by the counsel for Dedge. He seems to believe also in the existence of rival camps of controversy. Under these circumstances, as it is the purpose of the law to secure to every one a fair trial, we have concluded to grant the application for a foreign jury to try the indictment. The order may be drafted and presented so as to provide for the drawing of the jury in the county of Essex, as this county is best located for this purpose, and we find nothing in the facts presented which tends to show that the citizens of Essex county have had more than a passing interest in the discussion which has so permeated Morris county.